2. BANKS AND BANKING, § 90*—*when funds in account of depositor are wrongfully applied upon account of third person.* Where a party holding funds in trust deposited same in a bank to his personal account, *held* that the legal title to such funds was in the depositor and the equitable title in the one for whom the depositor held them in trust, and that the bank wrongfully applied the funds upon the account of a third party, a corporation, of whom the depositor was an officer.

3. INTEREST, § 5*—*when allowed.* Where a bank wrongfully refused payment of a check drawn upon the drawer's account therein, the funds of which it had illegally applied upon the account of another, *held* that the drawer would be entitled, upon recovery for the amount of the check, in an action for the use of the equitable owner, to interest either upon the theory that there was an unreasonable and vexatious delay in withholding payment or on the theory that interest will be allowed on money received to the use of another.

---

## James Croisdale, Appellee, v. D. M. Farson, Appellant.

### Gen. No. 22,724.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 12, 1917. Rehearing denied March 26, 1917.

### Statement of the Case.

Action by James Croisdale, plaintiff, against D. M. Farson, defendant, to recover upon indorsements by the defendant upon certain stock certificates. From a judgment for plaintiff for $3,900, defendant appeals.

KRAFT, KRAFT & ERSKINE, for appellant.

JAMES R. WARD, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

GUARANTY, § 28*—*when guarantor is estopped to claim that obligation of is discharged.* Where the defendant had in writing guaranteed the payment of a dividend on certain stock certificates during the lifetime of the plaintiff, and had paid same semiannually as declared for a period of eight years, *held* that the parties having so put their own construction on the obligation the defendant could not be heard to contend that such obligation was discharged by the payment of one dividend only, in an action to recover for subsequent unpaid dividends.

---

### Martin Lavin, Administrator, Appellee, v. Wells Brothers Company, Appellant.

### Gen. No. 20,799.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 12, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Martin Lavin, administrator of the estate of Thomas Lavin, deceased, petitioner, against Wells Brothers Company, respondent, based upon an award in favor of the petitioner under the Workmen's Compensation Act of 1911. From a judgment for the petitioner for $3,500, on a trial without a jury in the Superior Court of Cook county upon appeal, respondent appeals.

The deceased was employed by the respondent as a laborer in a building being constructed by respondent

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.